DA 10-0303

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 70N

FILED

April 12 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

ESTATE OF CHRISTINE ANN REEDER,

       Plaintiff and Appellee,

  v.

STANLEY H. OLSEN and JESSIE MERCAY,
INDIVIDUALLY AND IN THEIR CAPACITIES
AS TRUSTEES, CO-TRUSTEES, SUCCESSOR
TRUSTEES AND/OR SUCCESSOR CO-TRUSTEES
OF THE HAMMER HOLDINGS TRUST,
MILOVICH FAMILY TRUST, REVERE
FAMILY TRUST, CAR HOLDINGS and
CONSOLIDATED CREATIVE VENTURES, LTD,

       Defendants and Appellants.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
                   In and For the County of Lincoln, Cause No. DV 09-16
                   Honorable Michael C. Prezeau, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Stanley H. Olsen, self-represented; Aurora, Colorado

              Jessie Mercay, self-represented; Patagonia, Arizona

       For Appellee:

              Grant S. Snell; Crowley, Fleck, PLLP; Kalispell, Montana

Submitted on Briefs:  March 16, 2011

Decided:   April 12, 2011

Filed:

_____
                       Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Stanley H. Olsen (Olsen) and Jessie Mercay (Mercay), individually and in their capacities as trustees of the Hammer Holdings Trust, Milovich Family Trust, Revere Family Trust, CAR Holdings, and Consolidated Creative Ventures, Ltd. (referred to collectively as the "Trusts"), appeal the summary judgment order entered by the Nineteenth Judicial District Court, Lincoln County in favor of the Plaintiff, Estate of Christine Anne Reeder (Estate), holding that Olsen violated the Montana Living Trust Act and the Securities Act of Montana and that the Trusts were invalid under Montana law. Olsen and Mercay, pro se, raise numerous issues on appeal, which include challenges to the District Court's jurisdiction as well as to the District Court's determination of "undisputed facts" and its legal conclusions.

¶3 Decedent Christine Reeder (Christine), a resident of Lincoln County at the time of her death, allegedly suffered abuse as a child at the hands of her older brother. As an adult she befriended Mercay, who identifies herself as the Chancellor of American University of Mayonic Science and Technology, a philosophy which, as the District Court quoted from a brochure, "'derives its history, philosophy, goals, and objectives and teaching from the work of Mamuni Mayan who was a scholar, scientist, artist and builder approximately 10,000 years ago in the ancient past of the Kumari continent and South India.'" Christine discussed with Mercay her abuse and her concern that her brother would someday try to obtain possession of her property.

2

¶4      Mercay referred Christine to Olsen, who had previously prepared a trust for Mercay. Olsen is not a registered investment advisor or a licensed attorney in Montana. Christine and Olsen had a telephone conversation in early 2007, while Christine was in Lincoln County and Olsen was in Colorado, which resulted in Olsen preparing five trusts for her. Christine paid Olsen $10,000 to prepare the Trusts. Christine traveled to Colorado in June or July 2007 to review and sign the documents, which were back-dated to January 1, 2006. In conjunction with signing the documents, Christine executed warranty deeds conveying parcels of real property located in Montana to two of the Trusts, with the deeds also back-dated, and she placed her bank accounts and personal property in the ownership of the Trusts.

¶5      The Trusts provided for the issuance of certificates of capital units and transfer of the capital units among individuals and other trusts. Christine was named trustee, with Olsen named "successor trustee." The section for "situs" in the Trust documents listed the principal domicile and place of business as Nevada for the Milovich, CAR Holdings, and Consolidated Creative Ventures trusts, and Massachusetts for the Hammer Holdings and Revere trusts. The District Court described the Trust documents as "page after page of pseudo-legal gibberish." The Estate contended that the Trusts would ultimately place Christine's property in the hands of Mercay and her relatives, an assertion which was not contested. Olsen and Mercay admitted the Trusts were business trusts, and the District Court observed that this admission was consistent with the definition of business trusts set forth in Title 35, chapter 5, MCA. The Trusts were not filed with the Montana Secretary of State nor was a certificate or license obtained for their operation.

¶6      On January 3, 2007, Christine executed a will that named her mother Constance Reeder (Connie) as the personal representative of Christine's estate and devised to her the residue of Christine's estate. Christine died on December 24, 2008, in Libby. After probate was

3

commenced and Connie was appointed personal representative, Connie initiated this action on behalf of the Estate against the Trusts, Olsen, and Mercay. The Estate prayed that the Trusts be declared invalid and title to real and personal property purportedly owned by the Trusts quieted in the name of the Estate, and a permanent injunction be issued precluding the defendants from accessing, removing, or encumbering property owned by the Trusts. The Estate further alleged a violation of the Montana Living Trust Act, securities registration violations, securities fraud, common law fraud, breach of the implied covenant of good faith and fair dealing, deceit, and sought punitive damages.

¶7 Following filing of the Estate's motion for summary judgment, the court entered an order granting partial summary judgment. The court ruled that the Trusts were invalid because they were business trusts which had failed to comply with the requirements of § 35-5-201, MCA, and had unlawfully conducted business in the state. The court held that the Trusts were invalid and the transfers to them void, denying Defendants a grace period to apply for a license. Based on this holding, the court concluded the Estate's request for injunctive relief was moot. The court further determined that Olsen violated the Montana Living Trust Act, which generally prohibits a person from offering or selling a living trust in this state without licensure, § 30-10-904(1), MCA, based on notes from Christine's telephone conversations with Olsen regarding the Trusts. As a penalty and pursuant to statute, the court directed that the Estate was entitled to recover the $10,000 Christine paid Olsen to draft the Trusts. The court also found that the Estate was entitled to summary judgment on its claim of securities registration violation for Olsen's actions in selling the Trusts, which it deemed to be securities, and awarded the Estate its attorney fees. The court declined to rule on the Estate's other claims because resolution would not increase the Estate's recovery, and denied punitive damages. The court subsequently dismissed the

4

remaining claims on stipulation of the parties and entered final judgment, ordering that Christine's real and personal property be delivered to the Estate and awarding judgment against Defendants joint and severally for attorney fees and against Olsen for his charged fee and interest. The court granted a stay of judgment pending Defendants' appeal to this Court. We review an appeal from a summary judgment order de novo. *Natl. Cas. Co. v. Am. Bankers Ins. Co. of Fla.*, 2001 MT 28, ¶ 13, 304 Mont. 163, 19 P.3d 223.

¶8 Mercay and Olsen argue the District Court was without jurisdiction and that the Trusts were formed properly under the law of Nevada. The Estate argues the court had subject matter jurisdiction because its claims requested legal and equitable relief under the laws of Montana. The Estate argues that regardless of what the trust documents state regarding their domicile, Christine as trustee had the right to change the domicile of the Trusts and did so by living in Libby her entire tenure as trustee. We conclude that subject matter jurisdiction is appropriate as these claims are civil matters within the jurisdiction of the District Court, and Christine resided and her property was situated in Montana. *See* § 3-5-302(1), MCA; *In re Estate of Allen*, 237 Mont. 114, 115, 772 P.2d 297, 298 (1989). Lack of personal jurisdiction was not raised below and was therefore waived. M. R. Civ. P. 12(h)(1). In any event, personal jurisdiction was established as to Olsen by the telephone communications with Christine while he was in Colorado and Christine was in Montana.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court did not err in its determination that the issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶10 Affirmed.

5

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER